opportunity to do so, and by availing himself thereof, could have prevented the rendition of the judgment.

2. This was an action against several defendants, including the plaintiff in error, some of whom were not served at all and never had their day in court. The verdict and judgment being a joint one in favor of the plaintiff against all the defendants, ought not to stand. Those who were not served of course are not bound by it, and this fact would effectually prevent the plaintiff in error, in case she satisfied the judgment, from having her right to contribution from all her co-defendants. In the event she should demand such contribution, they would only have to reply they were not bound by the judgment at all, and that it established no right against them in favor of any one. If the plaintiff had obtained judgment against those defendants only who were served, it may have been valid as to them; but inasmuch as the judgment is against all the defendants, including those not served, we are clear it should be set aside for the reason above stated. *Judgment reversed.*

---

## DAVIS *v.* MOBLEY.

### PRACTICE. JUSTICES' COURTS. EVIDENCE.

1. On the trial of an appeal in a justice's court, it is not error in the magistrate to allow a promissory note, the foundation of the action, to be read in evidence pending the argument to the jury. Such allowance is virtually reopening the case for that purpose, and the opposite party, if desirous of doing so, would be permitted to introduce further evidence also.

2. The other grounds in the petition are not sufficient to require a new trial in the magistrate's court.                    *Judgment reversed.*

July 8, 1891. By two Justices.

From Montgomery superior court.    October term, 1890.    Before Judge ROBERTS.

D. C. McLENNAN and DeLACY & BISHOP, for plaintiff. No appearance for defendant